UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| FERID OGRESEVIC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:12-CV-426 JD |
| v. ) | |
| ) | |
| M. MAYHILL, *et al.*, ) | |
| ) | |
| Defendants. ) | |

OPINION AND ORDER

Ferid Ogresevic, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has

alleged—but it has not shown—that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Ogresevic alleges that on March 12, 2011, Sgt. M. Mayhill and Ofc. J. Bunch were working to move him to a different cell at the Miami Correctional Facility. When he refused, Sgt M. Fisher ordered him to cuff up. It appears that he was cuffed without incident. However, when the officers attempted to forcibly move him into the new cell, he resisted. It was then that Sgt. Fisher grabbed his hand and kicked his left knee to force him onto the ground. Simultaneously, Ofc. Bunch was holding his right arm. After Ogresevic was on the ground, Ofc. Bunch pulled his hand across Ogresevic's face and cut him with the handcuff key. As a result, Ogresevic suffered a 5.4 cm scar.

The "core requirement " for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). Giving Ogresevic the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, he has stated a claim for an excessive use of force against Ofc. Bunch for cutting his face with the handcuff key. Clearly, that was neither a reasonable nor necessary use of force. Nevertheless, it remains to be proven whether it was merely the unintended consequence of

removing his hand from underneath Ogresevic's head or whether Ofc. Bunch maliciously and sadistically chose to cut Ogresevic's face for the purpose of injuring him.

The claims against Sgt. Fisher and Sgt. Mayhill are different. Ogresevic does not claim that he suffered any pain or injury as a result of Sgt. Fisher taking him to the ground when he refused to move. Neither does he argue that it was unreasonable to restrain him on the ground when he refused to follow a direct order to move. "Where a prison security measure is undertaken to resolve a disturbance . . . we think the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 321-322 (1986) (quotation marks and citation omitted).

> When the ever-present potential for violent confrontation and conflagration, ripens into actual unrest and conflict, the admonition that a prison's internal security is peculiarly a matter normally left to the discretion of prison administrators carries special weight. Prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security. That deference extends to a prison security measure taken in response to an actual confrontation with riotous inmates, just as it does to prophylactic or preventive measures intended to reduce the incidence of these or any other breaches of prison discipline. It does not insulate from review actions taken in bad faith and for no legitimate purpose, but it requires that neither judge nor jury freely substitute their judgment for that of officials who have made a considered choice.

*Id.* at 322 (quotation marks, citations, and ellipsis omitted). Consequently, *Whitley* explains that "a mere dispute over the reasonableness of a particular use of force or the existence of arguably superior alternatives" does not establish a basis for liability. *Id.* Here, Ogresevic has not plausibly alleged that Sgt. Fisher used excessive force against him.

Neither has he plausibly alleged that either Sgt. Fisher or Sgt. Mayhill could have prevented Ofc. Bunch from cutting his face. A bystander "can be held liable under § 1983 if [he] (1) had reason

3

to know that a fellow officer was using excessive force or committing a constitutional violation, and (2) had a realistic opportunity to intervene to prevent the act from occurring." *Lewis v. Downey*, 581 F.3d 467, 472 (7th Cir. 2009). Here, Ogresevic does not allege that either Sgt. Fisher or Sgt. Mayhill could have anticipated that Ofc. Bunch was going to cut his face with the handcuff key, nor that they could have done anything to have prevented it. Therefore, the mere fact that they were bystanders while it happened is insufficient to state a claim against them.

For the foregoing reasons, the court:

(1) **GRANTS** Ferid Ogresevic leave to proceed against Ofc. J. Bunch in his individual capacity for monetary damages for cutting his face with a handcuff key on March 12, 2011, in violation of the Eighth Amendment;

(2) **DISMISSES** all other claims;

(3) **DISMISSES** Sgt. M. Mayhill and Sgt. M. Fisher;

(4) **DIRECTS** the clerk to transmit the summons and USM-285 for Ofc. J. Bunch to the United States Marshals Service along with a copy of this order and a copy of the complaint;

(5) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Ofc. J. Bunch; and

(6) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Ofc. J. Bunch respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.[1]

SO ORDERED.

---

[1] N.D. IND. L.R. 10-1(b) exempts answers to *pro se* complaints from the obligation to include a verbatim, paragraph by paragraph recitation of the complaint.

ENTERED: August 17, 2012

        /s/ JON E. DEGUILIO
Judge
United States District Court