UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| FERID OGRESEVIC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 3:12-CV-426 JD |
| v. | ) |
| | ) |
| M. MAYHILL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

Ferid Ogresevic, a *pro se* prisoner, is proceeding in this case against Ofc. J. Bunch for using excessive force against him on March 12, 2011, in violation of the Eighth Amendment. Ogresevic alleges that Officer Bunch cut his face with a handcuff key during a struggle that ensued while he was being moved from one cell to another at the Miami Correctional Facility. Pursuant to 42 U.S.C. § 1997e(a), a prisoner may not bring an action in federal court until "such administrative remedies as are available are exhausted." The defendant has filed a motion for summary judgment asserting that the Miami Correctional Facility had a grievance system, but that Ogresevic did not file a grievance about this event. In support of the motion, the defendant attached the declaration of April Valdez, a grievance specialist at the Miami Correctional Facility, a copy of the grievance policy, and a printout showing that Ogresevic filed only one unrelated grievance during his time in the Indiana Department of Correction. That grievance, filed in 2006 at the Indiana State Prison, was related to his clothing or laundry.

Ogresevic's response (DE 19) to the summary judgment motion says that he tried to find a form in the law library for responding to the motion, but that it did not have one. It also says that he had previously sent evidence to the court. However, in reviewing those documents, none of them

dispute that the Miami Correctional Facility had a grievance system. Neither do they indicate that Ogresevic even tried to file a grievance about this event. The documents that Ogresevic submitted are a blank instruction sheet (DE 18 at 2) for how to prepare a Notice of Tort Claim. He also included a copy of the Conduct Report (DE 18 at 3) stating that he was cut on the face while officers were restraining him after he had assaulted a staff member. He included other documents related to the Conduct Report (DE 18 at 4-7 and 9), as well as his Disciplinary Hearing Appeal and the denial of his appeal (DE 18 at 10-11). Most relevant, he submitted a copy of a letter (DE at 8) he sent to his counselor on March 22, 2011, ten days after he assaulted a guard and was cut while being restrained. This letter requests a Disciplinary Hearing Appeal form, paperwork to transfer him to the Indiana State Prison, a Notice of Tort Claim form, a commissary refund, and a vegetarian diet card. It does not request a grievance form.

When Ogresevic filed this complaint, he indicated that the prison did not have a system which would allow him to file a grievance about this incident. DE 1 at 2. However,

> conclusory statements, unsupported by the evidence of record, are insufficient to avoid summary judgment. We repeatedly have held that self-serving affidavits without factual support in the record will not defeat a motion for summary judgment. Rule 56 demands something more specific than the bald assertion of the general truth of a particular matter; rather it requires affidavits that cite specific concrete facts establishing the existence of the truth of the matter asserted.

*Albiero v. City of Kankakee*, 246 F.3d 927, 933 (7th Cir. 2001) (quotation marks, citations, parentheses, and brackets omitted). The grievance policy states that "an offender may initiate the grievance process [to challenge the] Actions of individual staff . . . .." DE 15-1 at 8. Thus, Ogresevic's unsupported, conclusory assertion that his claims were not grievable does not create a genuine issue of disputed fact even though he signed the complaint under penalty of perjury.

2

Also in the complaint, Ogresevic explained that he did not file a grievance because: "They gave me the Notice of Tort Claim, to fill out and send to down in Indianapolis to Commissioner IDOC and also to Office of Attorney General. I was been in the Disciplinary Seg. Unit over a year and I can not get what I need to done with this!" DE 1 at 2. In addition he filed a letter from the Office of the Indiana Attorney General showing that his tort claim was denied on June 10, 2011. DE 1 at 7. It is clear from this that Ogresevic filed a Notice of Tort Claim, but there is no hint that he even considered filing a grievance.

Ogresevic was provided with a "Notice of Summary Judgment Motion" as required by N.D. Ind. L.R. 56-1 and a copy of both Federal Rule of Civil Procedure 56 and Local Rule 56-1. That notice clearly informed Ogresevic that unless he disputed the facts presented by the defendant, the court could accept those facts as true. Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact . . . the court may . . . consider the fact undisputed for purposes of the motion."). It also clearly told him that unless he submitted evidence creating a factual dispute, he could lose this case. Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.")

Failure to exhaust is an affirmative defense on which the defendant bears the burden of proof. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Here, the defendant has met that burden. Nothing that Ogresevic has filed creates a genuine issue of disputed fact about whether the Miami Correctional Facility had a grievance system. Nothing asserts that he filed a grievance about this incident with Officer Bunch. Nothing asserts that he tried to file a grievance. Therefore the court accepts as undisputed facts that there was a grievance system and that Ogresevic did not use it.

3

Moreover, it is an undisputed fact that Ogresevic knew of the existence of the grievance system because he had used it in 2006. Based on these undisputed facts, Ogresevic did not exhaust his administrative remedies before bringing this case, therefore pursuant to 42 U.S.C. § 1997e(a), summary judgment must be granted and this case dismissed. However, because "all dismissals under § 1997e(a) should be without prejudice," the dismissal will be without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

For the foregoing reasons, the summary judgment motion (DE 15) is **GRANTED** and this case is **DISMISSED WITHOUT PREJUDICE**.

SO ORDERED.

ENTERED:   August 30, 2013

/s/ JON E. DEGUILIO
Judge
United States District Court